**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SERGIO ESTEBAN GARCIA,

    Petitioner,

v.                                        Case No.    3:04-cv-715-J-32MMH
                                                            3:02-cr-163-J-32MMH

UNITED STATES OF AMERICA,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. Dkt. No. 1; Motion to Vacate),[2] filed on August 20, 2004.[3] Petitioner also filed the Memorandum of Law in Support of Petitioner's Motion to Vacate, Set-Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 (Civ. Dkt. No. 2; Memorandum) on August 20, 2004, and Petitioner's Traverse to United States' Response in Opposition to Petitioner's 28 U.S.C. § 2255 Motion (Civ. Dkt. No. 9; Reply) on January 10, 2005.  Respondent opposes the relief sought in the

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] "Civ. Dkt. No." refers to documents filed in 3:04-cv-715-J-32MMH.

[3] The Motion to Vacate has been referred to the undersigned for preparation of a report and recommendation. See Order (Civ. Dkt. No. 11) at 1. However, the undersigned's review is limited to grounds one and three in the Motion to Vacate. See id. at 1 n.1.

Motion to Vacate.  See United States' Response in Opposition to Defendant's Pro Se Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. No. 6; Opposition), filed on November 8, 2004.

**I.     Background**

On December 10, 2002, Petitioner pled guilty to Count 1 in the Indictment, charging him with conspiracy to distribute 1,000 kilograms or more of marijuana.  See Transcript of Tape-Recorded Change of Plea Hearing (Crim. Dkt. No. 190)[4] at 10-11, 14, 21-22, 27-28. Philip S. Greene, Esquire, represented Petitioner in that criminal case.  See id. at 1.  The Court accepted Petitioner's guilty plea on December 19, 2002.  See Acceptance of Plea (Crim. Dkt. No. 201).  Subsequently, on August 20, 2003, Petitioner was sentenced to 151 months of imprisonment and five years of supervised release.  See Transcript of Continuation of Sentencing Hearing (Crim. Dkt. No. 399; Second Sentencing Hearing Tr.) at 11.  The Court entered judgment on August 23, 2003.  See Judgment in a Criminal Case (Crim. Dkt. No. 312).

On October 22, 2003, Cesar Garcia, Petitioner's brother and co-defendant, filed a motion to substitute, Philip S. Greene, Esquire, as his counsel of record in place of his current counsel.  See Motion to Substitute Counsel (Crim. Dkt. No. 345).  In light of Mr. Greene's apparently active representation of Petitioner, the undersigned held a conflict of interest hearing on January 26, 2004, in order to determine whether Petitioner's attorney should be permitted to represent his co-defendant, Cesar Garcia.  See Transcript of

---

[4]     "Crim. Dkt. No." refers to documents filed in 3:02-cr-163-J-32MMH.

Conflict Hearing (Crim. Dkt. No. 389). Prior to this hearing, the Court required Mr. Greene to consult with Petitioner on three occasions to explain the potential conflicts inherent in the proposed representation and determine whether Petitioner consented to Mr. Greene's representation of Cesar Garcia. See Order Scheduling Hearing (Crim. Dkt. No. 350); Order (Crim. Dkt. No. 363); Order (Crim. Dkt. No. 368); Order (Crim. Dkt. No. 378). Consequently, Petitioner filed a conflict of interest waiver and one addendum.[5] See Conflict of Interest Waiver (Crim. Dkt. No. 373; Waiver); Conflict of Interest Waiver Addendum (Crim. Dkt. No. 381; Addendum).

In the Waiver, Petitioner stated, under the penalty of perjury, that Mr. Greene did not represent him, that he had no pending cases, and that he consented to Mr. Greene's representation of Cesar Garcia. See Waiver at ¶¶ IV, VI. Mr. Greene also indicated that he "no longer represent[s] [Sergio Garcia] as [Sergio Garcia] has no pending case." Id. at [unnumbered] 7. Similarly, in the Addendum, Petitioner again stated, under the penalty of perjury, that he consented to Mr. Greene's representation of Cesar Garcia. See Addendum at [unnumbered] 2.

After a lengthy inquiry at the conflict hearing held on January 26, 2004, the undersigned concluded that Mr. Greene should be permitted to represent Cesar Garcia. See Order (Crim. Dkt. No. 383) at 2-3. The government moved for reconsideration of the Court's Order on March 24, 2004, because it believed that Mr. Greene may still be

---

[5] Petitioner also filed one other conflict of interest waiver, see Conflict of Interest Waiver (Crim. Dkt. No. 366), but the Court found it was incomplete and required Petitioner's attorney to consult again with Petitioner before obtaining a new waiver. See Order (Crim. Dkt. No. 368).

representing Petitioner. See United States' Motion to Reconsider Order Denying Motion to Reopen Conflict Hearing (Crim. Dkt. No. 403) at 2. The Court held a hearing on this motion on March 30, 2004. See Transcript of Motion Hearing re Motion to Reconsider Order Denying Motion to Reopen Conflict Hearing (Crim. Dkt. No. 444; Motion Hearing Tr.) at 4-5. Both Petitioner and Cesar Garcia were present at the hearing. See id. at 3-4. The Court inquired as to the status of the relationship between Mr. Greene and Petitioner. See id. at 6-7. At that time, Petitioner confirmed, under oath, that he reviewed and understood the Waiver and Addendum and signed those documents under the penalty of perjury. See id. at 23-24. Petitioner also stated, under oath, that Mr. Greene's representation ceased after the sentencing hearing because "[they] waive[d] ten days to appeal, [they] decide[d] not to appeal." Id. at 20. In addition, Petitioner again consented to Mr. Greene's representation of Cesar Garcia. See id. at 22-26. Furthermore, Cesar Garcia also reiterated that he wanted to waive his right to conflict-free counsel. See id. at 31-39. Therefore, the undersigned determined that there was no reason to reconsider the Court's previous decision to allow Mr. Greene to represent Cesar Garcia. See Order (Crim. Dkt. No. 409).

On August 20, 2004, Petitioner filed the Motion to Vacate, suggesting that his sentence should be vacated because he was denied the effective assistance of counsel when he directed counsel to file an appeal and he failed to do so. See Motion to Vacate at 4, 6. Petitioner also requests that the Court hold an evidentiary hearing on this matter. See Reply at 1. The Motion to Vacate is now ripe for the Court's review.

**II.     Summary of Argument**

Petitioner asserts that the Motion to Vacate should be granted because he directed counsel to file an appeal and he later learned that counsel failed to follow that instruction. See Motion to Vacate at 4; Memorandum at 1, 4-6. In response to Petitioner's assertions, Respondent contends that Mr. Greene agreed to provide an affidavit disputing Petitioner's claims, but it has not received the affidavit. See Opposition at 7. Furthermore, Respondent alleges that the record contradicts Petitioner's allegations, and therefore, the Motion to Vacate should be denied. See id.

**III.    Discussion**

Petitioner contends that after the sentencing hearing on August 20, 2003, he repeatedly asked Mr. Greene to file a notice of appeal and instructed him to file it within ten days of the hearing. See Memorandum at 4-5; see also Motion to Vacate at 4. Petitioner alleges that Mr. Greene told him that he would file the notice of appeal and that they would discuss the appeal once Mr. Greene received the record. See Memorandum at 4. Subsequently, when Petitioner was unable to reach counsel, Petitioner sent him a letter again instructing him to file the notice of appeal. See id. at 4-5. Therefore, Petitioner believed that Mr. Greene had filed the appeal. See Motion to Vacate at 4. Indeed, he contends that at the time he consulted with Mr. Greene regarding the possible conflict of interest in Mr. Greene's representation of Cesar Garcia, Petitioner believed that the notice of appeal had been properly filed. See Reply at 4. However, Petitioner later learned that Mr. Greene did not file the notice of appeal. See Motion to Vacate at 4.

It is well settled in the Eleventh Circuit that when counsel ignores a defendant's request to appeal, the court should grant the motion to vacate and the defendant should be permitted to file a belated appeal without any further showing. See McIver v. United States, 307 F.3d 1327, 1330 n.1 (11th Cir. 2002); Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996) (per curiam); Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (per curiam); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Spivey v. United States, Crim. A. No. 4:94-CR-003-02-HLM, Civ. A. No. 4:96-CV-093-HLM, 1996 WL 735568, at *2 (N.D. Ga. Nov. 4, 1996), abrogated, in part, on other grounds, Stephens v. United States, 14 F. Supp. 2d 1322, 1329 n.5 (N.D. Ga. 1998); United States v. Hill, Civil Action No. 4:96-CV-0143HLM, Criminal Action No. 4:93-CR-014-HLM, 1996 WL 735564, at *1 (N.D. Ga. Oct. 24, 1996). However, the belated appeal must be limited to sentencing issues when the defendant has pled guilty. See Montemoino, 68 F.3d at 417-18; Hill, 1996 WL 735564, at *2.

On the other hand, if a defendant instructs his or her counsel not to file an appeal, he or she cannot later complain that the failure to file an appeal constitutes ineffective assistance of counsel. See Roe, 528 U.S. at 477. In addition, when a defendant has met with his or her attorney to discuss the merits of an appeal and the defendant did not specifically request that the attorney file an appeal, the defendant will not be entitled to file a belated appeal. See Roe, 528 U.S. at 478; Spivey, 1996 WL 735568, at *2.

In this case, the Court first addresses Petitioner's request for an evidentiary hearing. Title 28 U.S.C. § 2255 provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Due to the nature of ineffective assistance of counsel claims, evidentiary hearings are generally required. See Holmes v. United States, 876 F.2d 1545, 1552 (11th Cir. 1989); Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). In addition, an evidentiary hearing is usually necessary when the defendant's allegations, if true, would warrant relief. See Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002); Holmes, 876 F.2d at 1552.

Nevertheless, not every ineffective assistance of counsel claim mandates an evidentiary hearing. See Holmes, 876 F.2d at 1553; Vick, 730 F.2d at 708; see also Miller v. United States, No. 03-11833, 2004 WL 1206955, at *1 (11th Cir. 2004) (per curiam); United States v. Laetividal-Gonzalez, 939 F.2d 1455, 1465 (11th Cir. 1991), overruled, in part, on other grounds, United States v. Giltner, 972 F.2d 1563, 1566 (11th Cir. 1992). Indeed, an evidentiary hearing is not required when the allegations are unsupported generalizations, affirmatively contradicted by the record, fanciful, patently frivolous, or wholly speculative. See Miller, 2004 WL 1206955, at *2; Aron, 291 F.3d at 715; Laetividal, 939 F.2d at 1465; Holmes, 876 F.2d at 1553; Vick, 730 F.2d at 708; Chapman v. United States, 472 F.2d 117, 118 (5th Cir. 1973) (per curiam);[6] Lafoon v. United States Bd. of Parole, 441 F.2d 490, 490 (5th Cir. 1971) (per curiam); Spivey, 1996 WL 735568, at *7.

---

[6] This case and all Fifth Circuit cases decided prior to September 30, 1981, are binding precedent pursuant to Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

On the other hand, when the defendant has alleged that he or she told counsel to file the notice of appeal and counsel did not follow his or her instructions and there is no evidence in the record to contradict these allegations, then the defendant is entitled to an evidentiary hearing. See Aron, 291 F.3d at 715; Montemoino, 68 F.3d at 416; Hill, 1996 WL 735564, at *2.

In this case, Petitioner is not entitled to an evidentiary hearing because his allegations are affirmatively contradicted by the record and the record conclusively shows that he is entitled to no relief.[7] Petitioner first contends that he instructed Mr. Greene to file an appeal. See Motion to Vacate at 4. However, the record affirmatively contradicts that claim. First, Mr. Greene stated at the sentencing hearing that "it is our intent not to appeal this case. That's at least at this point." Second Sentencing Hearing Tr. at 14. He also stated that "my last communication with Mr. Garcia is that we are satisfied and neither of us wish to appeal." Id. at 15. Counsel's comments indicate that Petitioner instructed Mr. Greene not to appeal.

In addition, Petitioner's statements in the Waiver contradict his assertion that, at the time the Waiver was filed, he believed that Mr. Greene had properly filed a notice of appeal, and they undermine his assertion that he requested Mr. Greene to appeal his case. See Waiver at ¶ IV. In the Waiver, Petitioner stated, under the penalty of perjury, that "Mr. PHILIP S. GREENE, [d]oes not represent me, at this time, as I have no pending cases."

---

[7] As the Court concludes that Petitioner is not entitled to an evidentiary hearing, it need not consider Respondent's offer to provide an affidavit from Mr. Greene contradicting Petitioner's allegations. See Opposition at 7. A review of the record in this case conclusively establishes that Petitioner is not entitled to relief, and there is no reason for the Court to consider evidence outside of that record.

Id. Mr. Greene confirmed that he no longer represented the Petitioner and Petitioner had no pending case. See id. at [unnumbered] 7. Moreover, Petitioner confirmed, under oath, that he read and understood the Waiver and knew that it was made under the penalty of perjury. See Motion Hearing Tr. at 23-24.

Finally, Petitioner's own statements, under oath, to this Court belie his assertions in the Motion to Vacate that he requested Mr. Greene to file an appeal and that he believed Mr. Greene had filed the appeal. See id. at 20. The following exchange took place between the undersigned and Petitioner:

> THE COURT: And you were represented throughout the case by Phil Greene, right?
> DEFENDANT SERGIO GARCIA: Yes, ma'am.
> THE COURT: And you've pled guilty and you've been sentenced in that case, is that right?
> DEFENDANT SERGIO GARCIA: Yes, ma'am.
> THE COURT: And you're not appealing that?
> DEFENDANT SERGIO GARCIA: No, ma'am.
> THE COURT: You were represented by Phil Greene. Does he currently represent you?
> DEFENDANT SERGIO GARCIA: No, ma'am.
> THE COURT: Does he currently represent you in any matter whatsoever?
> DEFENDANT SERGIO GARCIA: No, ma'am.
> THE COURT: As far as you're concerned, do you have any ongoing attorney-client relationship with Mr. Greene?
> DEFENDANT SERGIO GARCIA: No, ma'am.
> THE COURT: When did that representation cease?
> DEFENDANT SERGIO GARCIA: The day I was sentenced, we waive[d] ten days to appeal, we decide[d] not to appeal. After that it was over.

Id. Petitioner's statement, under oath, along with the other evidence in the record conclusively establish that he did not direct Mr. Greene to file a notice of appeal. To the contrary, the record establishes that Petitioner directed Mr. Greene not to file an appeal.

Petitioner's Memorandum also suggests in one sentence that Mr. Greene rendered ineffective assistance because he did not "advise the Petitioner of the advantages, disadvantages, or probabilities of success on appeal." Memorandum at 6; see also Motion to Vacate at 4. Petitioner includes no facts or argument to support this generalized conclusion in the Memorandum. See Memorandum at 1-6. Moreover, he fails to assert or otherwise address the argument in any fashion in his Reply. See Reply at 1-5. This statement appears to be the very type of unsupported generalization which does not warrant a hearing. See Miller, 2004 WL 1206955, at *2; Aron, 291 F.3d at 715; Laetividal, 939 F.2d at 1465; Holmes, 876 F.2d at 1553; Vick, 730 F.2d at 708; Chapman v. United States, 472 F.2d 117, 118 (5th Cir. 1973) (per curiam); Lafoon v. United States Bd. of Parole, 441 F.2d 490, 490 (5th Cir. 1971) (per curiam); Spivey, 1996 WL 735568, at *7. Indeed, it is not clear that Petitioner intended his allegation regarding Mr. Greene's alleged failure to advise him of the advantages, disadvantages or probabilities of success on appeal to raise a separate basis on which to grant the Motion to Vacate. However, if Petitioner did, it is unlikely that such an argument is available to him.

While an attorney's failure to discuss the advantages and disadvantages of an appeal may result in ineffective assistance of counsel in certain circumstances, those circumstances do not appear to be present in this matter. See Roe, 528 U.S. at 478-80, 484. The Roe decision instructs that in cases where a defendant has neither instructed the attorney to file an appeal nor not to file an appeal, the determination of whether the attorney performed deficiently is made by "asking a separate, but antecedent question: whether

counsel, in fact, consulted with the defendant about an appeal." Id. at 478.  However, it also states:

> a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently.  Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed. 2d 987 (1983) (accused has ultimate authority to make fundamental decision whether to take an appeal).

Id. at 477.  Thus, assuming arguendo, Mr. Greene failed to consult with Petitioner, that failure would not necessarily render Mr. Greene's performance deficient or amount to ineffective assistance of counsel given Petitioner's express instruction not to file an appeal. See id.  Nonetheless, even if the Court considers Petitioner's failure to consult claim separately, he is not entitled to an evidentiary hearing on this contention as the evidence in the record again affirmatively contradicts his allegation.

Petitioner's sentencing was completed over the course of two days.  During the first day of the sentencing, certain facts regarding Petitioner's conduct and the appropriate guideline sentence were vigorously contested.  See generally Transcript of Sentencing Hearing (Doc. No. 398; First Sentencing Hearing Tr.).  At the conclusion of the day's proceedings, Mr. Greene asked if there was a location in which he could meet with Petitioner and was informed that he could do so in the United States District Courthouse. See id. at 159-60.  Indeed, the Court directed the United States Marshals to provide Petitioner with an opportunity to speak with his attorney.  See id. at 160.  The sentencing hearing resumed the following morning at 8:00 a.m.  See Second Sentencing Hearing Tr. at 1.  During the proceeding, counsel for the government and Petitioner advised the Court that they had reached an agreement regarding Petitioner's sentence.  See id. at 6-8.  The

government agreed not to argue that Petitioner should be sentenced at the high end of the guideline range, Petitioner agreed to abandon his argument that he should be sentenced at the low end of the guideline range, and the parties stipulated to jointly recommend a sentence of 151 months. See id. at 6-7. Petitioner acknowledged in open court that this was his understanding and agreement. See id. He further acknowledged that he had "the advice of counsel and discussed that issue, the pros and cons and what the issues are, before [he] reached that agreement." Id. The Court accepted the recommendation of 151 months and ultimately adopted that recommendation sentencing Petitioner to 151 months of imprisonment. See id. 8-9, 11. After the Court advised Petitioner of his right to appeal the sentence, Mr. Greene stated "I know we have ten days in which to give notice of appeal, but it is not our intent to appeal this case. That's at least at this point. I wanted to let the Court be aware of that." Id. at 14. The Court responded "that's fine, sir, the ten days will come and go. If you file a notice, then it will be appealed. And if you don't, then it won't." Id. Mr. Greene continued stating "yes, sir. I personally want it on the record, because I won't be here. And my last communication with Mr. Garcia is that we are satisfied and neither of us wish to appeal." Id. at 15.

    The above establishes that Petitioner and Mr. Greene had an opportunity to discuss the viability of an appeal after the first day of the sentencing hearing. See First Sentencing Hearing Tr. at 159. Next, Mr. Greene stated at the conclusion of the sentencing hearing that he had discussed the possibility of an appeal with Petitioner. See Second Sentencing Hearing Tr. at 15. Petitioner, who was present, did not disagree with this statement. See id. Indeed, seven months later when testifying under oath before the undersigned,

Petitioner confirmed Mr. Greene's statements. Petitioner stated, "we waive[d] ten days to appeal, we decide[d] not to appeal." Id. As a result, the record contradicts Petitioner's allegation.

Based upon the foregoing, the undersigned concludes that Petitioner is not entitled to an evidentiary hearing and the Motion to Vacate is due to be denied. Accordingly, the undersigned will recommend that the Motion to Vacate be denied to the extent that Petitioner seeks relief on grounds one and three. The remaining ground will be resolved by the Court in a separate order. See Order (Civ. Dkt. No. 11) at 1 n.1.

## RECOMMENDATION

In light of the foregoing, it is hereby **RECOMMENDED**:

Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. Dkt. No. 1) should be **DENIED** to the extent it seeks relief on grounds one and three.

**ENTERED** at Jacksonville, Florida, this 30th day of August, 2005.

*[signature]*
**MARCIA MORALES HOWARD**
United States Magistrate Judge

lc1

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

All Counsel of Record
Pro Se Parties