**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SERGIO ESTEBAN GARCIA,

        Petitioner,

vs.                                           Case No. 3:04-cv-715-J-32MMH
                                                           3:02-cr-163-J-32MMH

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**[1]

This case is before the Court on United States Magistrate Judge Marcia Morales Howard's Report and Recommendation (Doc. 18) concerning petitioner Sergio Esteban Garcia's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 1). On April 6, 2005, the undersigned referred petitioner's § 2255 motion to the Magistrate Judge for a Report and Recommendation. (Doc. 11). On August 30, 2005, Magistrate Judge Howard issued the first Report and Recommendation recommending that the undersigned deny the relief Garcia seeks. (Doc. 13). Plaintiff timely filed objections to that Report and Recommendation. (Doc. 16). On February 17, 2006, the undersigned recommitted this case to the Magistrate Judge in light of the Eleventh Circuit's

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

intervening decision in Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005). On July 26, 2006, the Magistrate Judge vacated the first Report and Recommendation (Doc. 13) and substituted in its place the current Report and Recommendation (Doc. 18), which is now before the undersigned. Petitioner filed no objections to this Report and Recommendation.  There being no objections to Magistrate Judge Howard's Report and Recommendation (Doc. 18), and upon de novo review the undersigned adopts it as the opinion of the Court.

Per the undersigned's Order dated April 7, 2005 (Doc. 11, n. 1), the Report and Recommendation only addressed issues I and III raised in petitioner's § 2255 motion. Thus, the Court now addresses issue II, that is, whether the undersigned misapplied United States Sentencing Guidelines section 3B1.1(c) to petitioner at sentencing. U.S.S.G. § 3B1.1(c) provides a two level enhancement to the base offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity...."[2]

Petitioner is barred from raising this issue for the first time on collateral attack. "Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing United States v. Frady, 456 U.S. 152, 165

---

[2] As noted in the Report and Recommendation, the undersigned determined at sentencing that petitioner should be assessed a two level enhancement under U.S.S.G. § 3B1.1(c), rather than a four level enhancement under U.S.S.G. § 3B1.1(a).

(1982)).  A defendant must assert all available claims on direct appeal.  Id.  Further, nonconstitutional claims can only be raised on collateral review when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure."  Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)).

Because petitioner here did not directly appeal this issue and this nonconstitutional claim does not amount to a "miscarriage of justice," petitioner is procedurally barred from raising it on collateral review via a § 2255 motion.  Thus, petitioner's motion is due to be denied.

Accordingly, it is hereby **ORDERED**:

1. Magistrate Judge Marcia Morales Howard's Report and Recommendation (Doc. 18) addressing issues I and III raised in Sergio Esteban Garcia's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **ADOPTED** as the opinion of the Court. Thus, petitioner's § 2255 motion is **DENIED** on those issues.

2. As to the remaining issue II, petitioner's Motion Under 28 U.S.C. § 2255 (Doc. 1) is likewise **DENIED**.

3. The Clerk is Ordered to enter judgment in favor of the United States and against the petitioner and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of October, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies:

counsel of record
 pro se party
United States Magistrate Judge Marcia Morales Howard